Matthias, J.
Notwithstanding the averment of the answer that “whatever injuries the plaintiff sustained were caused by the negligence of the said T. Glenn Denny in operating the automobile in which plaintiff was riding, or by the acts of plaintiff contributed thereto,” the burden of proof devolved upon the plaintiff, and before she was entitled to a verdict it was incumbent upon her to prove by a preponderance of the evidence in the case that the defendant was negligent in the operation of his automobile as charged in the petition, and that such negligence was the proximate cause of the injury sustained by the plaintiff.
In the answer there was no admission of negligence on the part of defendant, no confession and avoidance. The averment that the injury was caused,.not by the defendant, but by a third party, does not constitute an affirmative defense. Admittedly from the statements of the pleadings the injury resulted from the collision of the two auto *12 mobiles, and there was contention as to whose negligence caused the collision, that of T. Glenn Denny, the owner and driver of one of the automobiles, or the defendant, the owner and driver of the other. But the ultimate question was not who was negligent, or whose negligence caused the injury, but was the defendant negligent in a manner proximately causing the injury? The attitude of the defendant under the pleadings was defensive. The issue was made by general denial, and the further averment, above quoted, did not change the issue or in any wise change or affect the burden of proof. The plaintiff held the affirmative of the proposition throughout the trial of the case, and the burden of proof did not shift. McNutt & Ross v. Kaufman, 26 Ohio St., 127; Klunk v. Hocking Valley Ry. Co., 74 Ohio St., 125, 77 N. E., 752; List (& Son Co. v. Chase, 80 Ohio St., 42, 88 N. E., 120, 17 Ann. Cas., 61; Ginn, Admr., v. Dolan, 81 Ohio St., 121, 91 N. E., 1123, 135 Am. St. Rep., 761, 18 Ann. Cas., 204; Newman Mfg. Co. v. Fisler, 81 Ohio St., 499, 91 N. E., 1135, and Dykeman v. Johnson, 83 Ohio St., 126, 93 N. E., 626.
This principle, which is well established, was disregarded by the trial court in the general charge when it used the following language :
“An issue raised by the answer is that the injury to plaintiff was caused by the negligence of T. Glerm Denny. Upon this issue the burden of proof is upon the defendant, and he must prove this by a preponderance of the evidence.”
Such erroneous instruction was later repeated and emphasized when the court said:
*13 “The burden is on the defendant to prove that the negligence of T. Glenn Denny caused the injury to plaintiff, if she was injured.”
And, again, further along, by this language:
“The burden is on the defendant to prove by a preponderance of the evidence that the acts that are charged in his answer as negligent, or some of them, are true. I mean by that that he must prove that these acts, or some of them, are true and that the same were negligent and were the proximate cause of plaintiff’s injury. Now the burden is on the defendant to so prove.”
And this erroneous rule was later repeated in' the following instruction:
“The burden of proving the negligence stated in the answer against the plaintiff and T. Glenn Denny is upon the defendant, and he is required to make that proof by a preponderance of the evidence.”
It is urged that taking the charge as a whole it does not shift the burden of proof from the plaintiff to the defendant upon the issues involved in the case, and it is true that in other portions of the general charge the trial court did by clear and appropriate language instruct the jury that the burden was upon the plaintiff to prove by a preponderance of the evidence that the acts or omissions to act charged in the petition, or some of them, were true, and that they were negligent, and the proximate cause of the injury to the plaintiff. But, if it be conceded that the trial court properly placed the burden of proof by the same number of statements, and in as terse and clear language as it used in improperly placing the burden of proof, it cannot be *14 concluded that the charge, taken as a whole, was a correct statement of the law. That would be carrying the substantial justice doctrine to the point of absurdity.
It is the duty of the trial court to instruct the jury as to the burden of proof, and it is well settled that an instruction which improperly places the burden of proof is reversible error upon complaint of the party prejudiced thereby. Having reference to the contention that in a portion of the court’s charge the burden of proof was properly placed, and that the charge, when construed as a whole, is not prejudicial to the defendant, it must be said that it cannot be presumed that the jury ignored or disregarded an erroneous instruction given by the court, and not only knew, but applied, the correct legal principles in the consideration of the case; nor can it be presumed that the jury selected and applied the correct rule as to the burden of proof when the instructions of the court were admittedly inconsistent and contradictory in that respect. Furthermore, while the language of the court in the charge under consideration in general terms placed the burden upon the plaintiff, it must be concluded that the jury followed the more specific instructions interspersed throughout the charge which we have quoted above, and which improperly and erroneously placed upon the defendant the burden of proving that he was not negligent, or that his negligence was not the proximate cause of the injury sustained by plaintiff.
Was the order of attachment rightfully issued?
The ground of attachment upon which the affidavit was based is that set forth in the tenth paragraph of Section 11819, General Code, as follows:
*15 “ (10) Has fraudulently or criminally contracted the debt, or incurred the obligations for which suit is about to be or has been brought.”
This suit had theretofore been brought in the court of common pleas to recover damages which the plaintiff claimed resulted to her by reason of the operation by the defendant of his automobile in a manner prohibited by law and punishable as a misdemeanor as therein provided. Is such a claim a debt or obligation criminally incurred within the terms of this statute?
This court had before it a similar question for consideration in the case of Sturdevant v. Tuttle, 22 Ohio St., 111, wherein it held that an attachment would lie in a civil action to recover liquidated damages for assault and battery. The court’s conclusion in that case was based upon its opinion that, in causes wherein the element of criminality is presented, the term “obligation” in the statutory sense employed is equivalent to liability. In the discussion of the question, at page 114, of 22 Ohio St., it was stated by Judge West, who delivered the opinion:
“It is possible that the word ‘fraudulently,’ standing alone, as it did, in the original act, confined its operation to causes sounding in contract, as the term implies confidence and deception. But fraudulently and criminally are neither synonymous nor convertible. There are liabilities, in the origin of which the elements of both fraud and criminality are present, as in case of obtaining property by false pretense. But the ingredient of criminality may be present in many instances, without that of. *16 fraud proper, as in the case of larceny, arson, libel, injury to person, and the like.”
This case was approved and followed by this court in the case of Creasser v. Young, 31 Ohio St., 57.
The Supreme Court of the state of Nevada, construing a similar statute, held that an attachment will lie where the cause of action arose out of the rape of plaintiff’s daughter.
Assuming the truth of the charge made by the plaintiff in this suit, the defendant injured the plaintiff as the result of his violation of law, and thus arose his liability to plaintiff. It follows that he criminally incurred the obligation. It must be concluded, therefore, that under such a situation an order of attachment is authorized by the provisions of paragraph 10, Section 11819, General Code, and the trial court did not err in overruling the motion to discharge the attachment upon the ground that the affidavit was not sufficient in law to warrant-same ; nor was the situation in that respect affected by the fact that the petition did not show, until amendment, subsequent to issuance of summons and order of attachment, that the defendant was the owner of the automobile, and the plaintiff a resident of Muskingum county. The officer who had the property in possession was properly proceeded against by process of garnishment under Section 11829, General Code. The question of priorities was not determined, and hence is not before us for consideration. '
Misconduct of counsel for plaintiff in two particulars, during argument to the jury, is urged as a further ground for reversal. The misconduct com *17 plained of consisted of reading to the jury certain sections of the General Code, and commenting on evidence which had been adduced, but later had been taken from the consideration of the jury by the court. The record discloses that during argument counsel for plaintiff proceeded to read certain sections of the General Code as applicable to the case; but, upon objection, the court admonished him, and he then desisted from further reading of the law to the jury. In some states the jury are by statute made judges of the law as well as of the facts; but not so in Ohio. Here it is the province of the jury to determine only questions of fact, and it is the province and duty of the court to determine the questions of law, and to instruct the jury as to the law applicable to the case, and which shall govern in the consideration and determination of the facts as they may find them from the evidence adduced. Argument upon questions of law should therefore be addressed to the court. It does not appear from the record, however, that there was error prejudicial to the defendant in permitting counsel for plaintiff to either refer to or read to the jury in argument the statute claimed by plaintiff to have been violated by the defendant, upon which violation the suit on trial was predicated, nor in the inadvertent reference by counsel for plaintiff, in argument to the jury, to evidence which had been adduced, but later withdrawn by the court—counsel, upon his attention being called thereto, having immediately informed the jury of his oversight and mistake, and having stated that such evidence should not be considered, and the court having also directed *18 the jury to disregard the former statement of counsel with reference to such evidence.
We therefore find error prejudicial to the defendant below only in the charge of the trial court in the respect heretofore indicated, and for the reasons assigned the judgment of the Court of Appeals is reversed.

Judgment reversed.

Marshall, C. J., Wanamaker, Robinson and Jones, JJ., concur.
Day and Allen, JJ., concur in the syllabus, but not in the judgment.